# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM INGHAM, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 10-1479-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 5, 2010, William Ingham ("Plaintiff" or "Claimant" or "Ingham") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income ("SSI") benefits. The Commissioner filed an Answer to the Complaint on April 7, 2011. On July 7, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff Ingham is a 26 year old male who filed an application for SSI benefits on April 28, 2008, alleging disability beginning November 28, 2006, due to depression, anger management, and seizures. (AR 9-129.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 11.)

Plaintiff's claim was denied initially and on reconsideration. (AR 9.) Plaintiff filed a timely request for a hearing, which was held on February 1, 2010, in San Bernardino, California, before Administrative Law Judge ("ALJ") Sharilyn Hopson. (AR 9-18.) Plaintiff appeared and testified. (AR 9.) Plaintiff's mother Linda Hoback appeared and testified. (AR 9.) Vocational expert ("VE") David A. Rinehart also appeared at the hearing. (AR 9.) Plaintiff was represented by counsel. (AR 9.)

The ALJ issued a decision denying benefits on March 4, 2010. (AR 9-18.) The Appeals Council denied Plaintiff's request for review on August 14, 2010. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ properly considered the treating psychiatrist's opinion.

2. Whether the ALJ provided a complete and proper assessment of Plaintiff's residual functional capacity.

3. Whether the ALJ posed a complete hypothetical question to the vocational expert.

4. Whether the ALJ properly considered and discredited the lay witness's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed,

or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 416.920(e).  RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must account for all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since April 28, 2008, the application date.  (AR 11.)

At step two, the ALJ determined that the Claimant had the medically determinable impairments of depressive disorder, attention deficit hyperactivity disorder ("ADHD"), and seizure disorder.  (AR 11.)  The ALJ, however, found that Plaintiff does not have a severe

impairment or combination of impairments that limit the claimant's ability to perform basic work activities. (AR 11-18.)

The ALJ also made an adverse credibility finding that is not challenged here. (AR 13-14.) The ALJ found Plaintiff's allegations of being almost completely inactive to be inconsistent with the objective medical evidence and an attempt to exaggerate his symptoms. (AR 13.) The ALJ regarded his limited range of daily activities to be a lifestyle choice and not due to any established impairment. (AR 13.)

The ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (AR 19.)

## DISCUSSION

The step two determination of whether a severe impairment exists is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found non-severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. Smolen, 80 F.3d at 1290; SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (citing SSR 85-28). In this case, the ALJ's step two determination that Plaintiff does not have a severe impairment is supported by substantial evidence and free of legal error.

**I. THE ALJ PROPERLY REJECTED THE TREATING PSYCHIATRIST'S OPINION**

Plaintiff's treating psychiatrist, Dr. Elizabeth Leonard, diagnosed Plaintiff with major depression (AR 251), intermittent explosive behavior, bipolar disorder with psychosis and borderline IQ, and learning disorder. (AR 229.) Dr. Leonard opined that Plaintiff cannot complete a 40 hour week without decompensating. (AR 229.) The ALJ rejected Dr. Leonard's assessment based on other medical evidence in the record. Plaintiff contends that the ALJ failed to present specific and legitimate reasons for doing so, thereby undermining the ALJ's step two non-severity finding. The Court disagrees.

### A. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a

non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

Dr. Leonard's testimony conflicts with other medical opinions and evidence of record. Thus, the ALJ was not required to give Dr. Leonard's opinion as the treating psychiatrist controlling weight but was obliged to present specific, legitimate reasons for rejecting her opinion. Lester, 81 F.3d at 830-31. The ALJ did so.

The ALJ decision provides a comprehensive summary of the medical evidence. The ALJ acknowledged Dr. Leonard's November 28, 2007, Adult Intake Assessment. (AR 15.) Dr. Leonard diagnosed Claimant with major depression and assessed him a GAF score of 40. (AR 15, 251.) Findings from the mental status examination, however, were unremarkable. (AR 15, 255.) The same was true in July of 2008. (AR 15, 265.)

The ALJ also acknowledged Dr. Leonard's September 8, 2008, Narrative Report. (AR 17, 229.) Dr. Leonard diagnosed Claimant with intermittent explosive disorder and bipolar disorder with psychosis. (AR 17, 229.) She noted Claimant failed to comply with his medications and had a pattern of not adhering to prescribed treatment. (AR 17, 229.) Dr. Leonard found that Plaintiff could not complete a 40 hour work week without decompensating. (AR 17, 229.) The ALJ properly observed that Dr. Leonard's vocational opinion of Plaintiff's ability to work is an issue reserved to the Commissioner under 20 C.F.R. § 416.927(e). (AR 17.)

Plaintiff asserts that, apart from the above explanation, the ALJ offered no other reason for rejecting Dr. Leonard's opinion. Plaintiff's assertion is simply not true. The ALJ decision cites the complete psychiatric evaluation report prepared by Dr. Sohini Parikh dated August 17, 2008. (AR 15-16, 203-09.) Dr. Parikh ruled out bipolar disorder and determined

that Plaintiff's functional assessment "is normal if he complies with his medications." (AR 208.) Dr. Parikh opined that Plaintiff had no mental impairments or restrictions, could understand and carry out both simple and complex instructions, and was not preoccupied with suicidal ideation. (AR 15-16, 208-09.) There were no repeated episodes of emotional deterioration in work-like situations. (AR 208.) She assessed the claimant with a GAF of 65. (AR 16.) The ALJ may reject a treating physician's opinion by relying on an examining physician's opinion supported by different, independent clinical findings. Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632.

The ALJ decision also cites the neurological report of Dr. Sarah Maze dated January 13, 2009. (AR 16, 240-43.) Dr. Maze noted a history of seizures but determined that Plaintiff had no physical limitations that would preclude him from working. (AR 16, 243.)

The ALJ relied primarily on the testimony of Dr. William Debolt who reviewed the Plaintiff's entire medical history. (AR 17.) The ALJ summarized Dr. Debolt's testimony as follows:

> Dr. Debolt testified the claimant had the following medically determinable impairments: history of a convulsive disorder; questionable seizure disorder; psychological disorder; history of learning disorder. He opined the claimant's impairments are not severe according to medical listing. Dr. Debolt testified the claimant's medical records show a history of a convulsive disorder (Ex. 9F). However, the diagnosis has not been documented by electroencephalograms. Dr. Debolt stated it was questionable whether the claimant had a seizure disorder since it has not been documented in the medical records. The claimant's psychological disorder has not been well delineated nor fully investigated by adequate psychological testing. The claimant has a history of a learning disorder, although the claimant graduated from high school.

The medical records provide conflicting information regarding the claimant's psychiatric disturbance. At one point, the claimant was noted as having ADHD (Ex. 1F). However, in other records, the claimant was noted as having a depressive disorder. (Exs. 11F, 12F & 13F). In these records, there is no longitudinal history[1] of psychological disturbance. The psychiatric records provided are marginal and minimal. The records do not carry much weight as to the nature of extent of the claimant's psychological disturbance. Treatment records show the physician was treating the claimant based on the claimant's subjective complaints. Even then, the claimant does not take his medications as directed. The undersigned finds the testimony of Dr. Debolt was highly credible because it was reasonable and consistent with the evidence as a whole.

(AR 17.)

Dr. Debolt specifically noted the lack of documentation and longitudinal history to support Dr. Leonard's analysis. (AR 17, esp. n.6.) An ALJ need not accept a treating physician's opinion that is inadequately supported by clinical findings. Thomas, 278 F.3d at 957; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may reject treating physician's opinion that is brief, conclusory and unsupported by clinical findings). He also observed that Dr. Leonard's analysis was based on Claimant's subjective complaints. (AR 17.) Tonapetyan, 242 F.3d at 1148-49 (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted is properly disregarded); Morgan, 169 F.3d at 602 (same); Andrews, 53 F.3d at 1043 (an opinion of disability premised to a large extent on claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded).

---

[1] Dr. Debolt explained an absence of longitudinal history meant there was no complete psychiatric/psychological history provided in those records to support the physician's diagnosis.

9

The ALJ gave the "greatest weight" to Dr. Debolt's opinion because it was consistent with the objective medical evidence. (AR 17-18.) Although Dr. Debolt is a non-examining, non-treating physician, the ALJ nonetheless may rely on Dr. Debolt's opinion as substantial evidence because it is consistent with other independent medical evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. It is the ALJ's responsibility to resolve conflicts in the medical evidence. Thomas, 278 F.3d at 956-57; Andrews, 53 F.3d at 1039.

The ALJ properly considered and rejected Dr. Leonard's testimony. Dr. Leonard's opinion was inadequately documented and based on subjective complaints. Claimant was noncompliant with his medication, which the ALJ regarded as an unwillingness to improve his condition and an indication that his symptoms are not as severe as claimed. (AR 14.) Plaintiff does not challenge the ALJ's adverse credibility determination. Dr. Debolt's opinion is consistent with the opinions of Dr. Parikh and Dr. Maze. The ALJ's rejection of Dr. Leonard's opinion was based on specific and legitimate reasons supported by substantial evidence.

The ALJ's determination that Plaintiff's impairments were not severe is supported by substantial evidence and free of legal error.

**II.    THE ALJ WAS NOT REQUIRED TO PRESENT A RFC ASSESSMENT**

Plaintiff's next argument is that the ALJ failed to provide a complete and proper RFC assessment that incorporated Dr. Leonard's opinion that Plaintiff cannot complete a 40 hour work week. Plaintiff's argument is meritless.

The ALJ decision does not contain an RFC assessment because one was not necessary here. The ALJ did not find a severe mental impairment at step two of the sequential process, rendering an RFC assessment unnecessary. If a claimant does not have a severe impairment, a disability claim will be denied at step two. Bowen, 482 U.S. at 141. 20 C.F.R. § 404.1520(a)(4)(ii) specifically says that a claimant without a severe medical impairment will be found not disabled. Additionally, § 1520(a)(4)(iv) and (v) provide that residual functional capacity and age, education and work experience will be considered at step four and five of the sequential process, not step two. Section 1520(c) provides that, if a

claimant does not have a severe impairment, "We will not consider your age, education and work experience." § 1520(c).  These regulations requiring proof of severity at step two were upheld in Bowen.

The ALJ's finding here that there was no severe mental impairment was based on substantial evidence as already determined.  Consequently, Plaintiff is not disabled and his claim must be denied without reference to RFC, age, education, or work experience.

### III.   THERE WAS NO NEED OR REASON TO CONSIDER VOCATIONAL TESTIMONY

Plaintiff asserts that the ALJ's hypothetical question to the vocational expert was improper because it did not incorporate Dr. Leonard's opinions.  Again, this argument must fail because the case ended at step two of the sequential process.  Plaintiff's impairments were not severe, making vocational testimony and an RFC assessment unnecessary.  Additionally, there was no requirement to incorporate Dr. Leonard's opinion in the ALJ's questions to the VE in any event because the ALJ rejected Dr. Leonard's opinion.  Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

### IV.   THE ALJ DID NOT ERR IN REJECTING LAY WITNESS TESTIMONY

Plaintiff contends that the ALJ provided an incomplete summary of the testimony of lay witness Linda Hoback, his mother, and failed to provide germane reasons for rejecting her testimony.  The Court disagrees.

#### A.   Background

Linda Hoback testified at the hearing that Plaintiff had psychiatric problems from birth and saw a psychiatrist in the third grade.  (AR 14, 49.)  She described explosive anger and property destruction.  (AR 51.)  She described depression, memory problems, suicidal ideation, and a short attention span.  (AR 14, 54, 144, 147.)  She filled out Third Party Function Reports that recount similar descriptions of Plaintiff's behavior.  (AR 142-149, 158-68.)

The ALJ found Ms. Hoback's testimony lacking in credibility.  Her Third Party Function Reports "appear to be no more than a parroting of the subjective complaints already testified

to and reported by the claimant." (AR 14.) The ALJ also offered this assessment of Ms. Hoback's testimony:

> The claimant's mother is not a medical professional and as a lay witness the claimant's mother is not competent to make a diagnosis or argue the severity of the claimant's symptoms or the side effects of his medications in relationship to his ability to work. The claimant's mother is the sole support for the claimant and therefore she has a familial and financial interest in seeing the claimant receive benefits. Therefore her opinion is not an unbiased one. Most importantly, her statements are not supported by the clinical or diagnostic medical evidence that is discussed more thoroughly below. The undersigned finds the claimant's mother is not credible to the extent her statements are inconsistent with the determination herein.

(AR 14.)

### B. Relevant Law

Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The failure to address lay witness evidence is

not harmless unless the Court can conclude confidently that no reasonable ALJ, on crediting the testimony, would reach a different disability determination. Stout, 454 F.3d at 1054-56.

### C. Analysis

The ALJ gave two reasons for rejecting Ms. Hoback's testimony. First, she noted that Ms. Hoback's descriptions of Plaintiff's behavior are unsupported by and inconsistent with the medical evidence. (AR 14.) Although one Ninth Circuit case holds that lack of medical evidence by itself is insufficient to reject lay witness testimony, Bruce, 557 F.3d at 1116, other Ninth Circuit cases make clear that it is a legitimate, germane factor to consider. Lewis, 236 F.3d at 511; Bayliss, 427 F.3d at 1218.

Additionally, the ALJ found Claimant not credible. Plaintiff does not challenge that determination. Ms. Hoback's descriptions of Plaintiff's behavior are the same as those offered by Plaintiff himself; indeed, Ms. Hoback "parrots" those descriptions. (AR 14.) The Ninth Circuit has held that an ALJ may reject lay witness testimony similar to a properly rejected claimant's testimony. Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ's second reason for finding Ms. Hoback not credible is that she supports Claimant (AR 268) and has a financial interest in the outcome of the case. (AR 14.) Plaintiff correctly notes that Ms. Hoback's testimony cannot be discounted simply because of her familial relationship, Smolen, 80 F.3d at 1289, but here the ALJ also found that financial interest diminished the credibility of Ms. Hoback's testimony. (AR 14.) Familial relationship and financial self-interest are not the same. One is not a germane reason; the other is.

The ALJ's reasons for discounting Ms. Hoback's testimony are germane and supported by substantial evidence.

///
///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 5, 2011

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE